IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RON SHAHAR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-00632- |
| | § | SDJ-AGD |
| SIGALIT OFEK, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ADOPTING REPORT AND
<u>RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE</u>**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge ("Report"), this matter having been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. The Magistrate Judge's Report, (Dkt. #44), includes proposed findings of fact and a recommendation that the Joint Motion to Dismiss, (Dkt. #32), be granted. Plaintiff Ron Shahar timely filed an objection to the Report. (Dkt. #47). Having received the Report, reviewed Shahar's objections, and conducted a de novo review, the Court determines that the Magistrate Judge's Report should be adopted. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court, with the following additions and modifications.

First, the Court emphasizes the Report's finding that there is no personal jurisdiction over any of the Defendants. (Dkt. #44 at 18–19). Even if personal jurisdiction over the Defendants existed, the Israeli Judicial Official Defendants are immune from suit. Accordingly, the Court modifies the Report to state that the Israeli

Judicial Official Defendants are immune from suit under the common law, not the Foreign Sovereign Immunities Act of 1976 ("FSIA"), which governs foreign state immunity. *Samantar v. Yousuf*, 560 U.S. 305, 325, 130 S.Ct. 2278, 176 L.Ed.2d 1047 (2010). Foreign officials are governed by the common law, which provides that "foreign government officials acting [in] their official capacity . . . are entitled to immunity." *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 712 (2d Cir. 2019) (citing *Underhill v. Hernandez*, 168 U.S. 250, 252, 18 S.Ct. 83, 42 L.Ed. 456 (1897)). Although the Magistrate Judge concluded that the foreign officials are immune under FSIA, that basis for immunity was not correct. Additionally, the Report concluded that the Israeli Judicial Official Defendants were immune from *liability* under FSIA, (Dkt. #44 at p. 21); however, as stated above, the Israeli Judicial Official Defendants are immune from *suit* pursuant to common law.

It is therefore **ORDERED** that Defendants Sigalit Ofek, Naftali Shilo, Einat Meshulam, Lauren Akuka, Gideon Sa'ar, and Esther Hayut are immune from suit and are **DISMISSED** from Plaintiff's Complaint. (Dkt. #1).

It is further **ORDERED** that Defendants' Joint Motion to Dismiss, (Dkt. #32), is **GRANTED**.

It is further **ORDERED** that Plaintiff's Complaint, (Dkt. #1), is **DISMISSED WITH PREJUDICE** with respect to the federal claims.

It is further **ORDERED** that Plaintiff's state law claim is **DISMISSED WITHOUT PREJUDICE** to the refiling of the same in the appropriate state court, if one exists.

It is further **ORDERED** and that any request for relief not addressed by the Report is denied as **MOOT**.

**So ORDERED and SIGNED this 26th day of March, 2024.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE